CITY OF DETROIT *v.* GRIMSHAW

1. CONSTITUTIONAL LAW—OBSCENITY—ORDINANCE—SCIENTER.

A city ordinance forbidding the showing, exhibiting, selling, or circulation of any publication or picture containing indecent or obscene pictures, language, or matter is an unconstitutional abridgment of free speech where it makes no express requirement of *scienter* as an element of the offense (Detroit Municipal Code § 39–1–18).

2. CONSTITUTIONAL LAW—OBSCENITY—STATUTE—APPLICATION.

It is legislation itself, and not the accusation or the evidence under it, which prescribes the limits of permissible conduct and warns against transgression; therefore an ordinance against obscenity having a potentially inhibitory effect on free speech must be judged on its face and not in light of its application (Detroit Municipal Code § 39–1–18).

Appeal from Recorder's Court of Detroit, Andrew C. Wood, J. Submitted Division 1 March 3, 1969, at Detroit. (Docket No. 3,986.) Decided May 28, 1969.

Gary Grimshaw was convicted of exhibiting an obscene kite in violation of a Detroit city ordinance. Defendant appeals. Reversed.

*Otis, Ravitz & Rosenthal,* for defendant.

BEFORE: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

LESINSKI, C. J. This is an appeal from a Detroit Recorder's Court verdict of June 30, 1967, finding

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur 2d, Constitutional Law §§ 341, 346–349.
Modern concept of obscenity. 5 ALR3d 1158.

defendant Grimshaw guilty of exhibiting an obscene kite in violation of Detroit Municipal Code § 39-1-18.

Section 39-1-18 of the code provides:

"No person shall show, exhibit, sell, offer for sale, distribute, circulate, give away or cause to be shown, exhibited, sold, offered for sale, circulated, distributed or given away any paper, hand bill, card, book, pamphlet, picture, drawing, engraving, sign or any other matter or thing containing indecent or obscene pictures, language or matter."

On appeal defendant seeks reversal of his conviction contending, *inter alia,* that the Detroit ordinance is unconstitutional because it fails to require *scienter* as an element of the offense.

In *Smith* v. *California* (1959), 361 US 147 (80 S Ct 215, 4 L Ed 2d 205), the United States Supreme Court passed upon the constitutionality of an antiobscenity ordinance similar to that involved in the instant case. The Supreme Court first noted that the California court had interpreted the ordinance to require no element of *scienter* and to impose strict criminal liability on a defendant regardless of the defendant's lack of knowledge of the contents of the writings in his possession. As so construed, the Supreme Court found the ordinance unconstitutional, stating:

"By dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public's access to constitutionally protected matter. For if the bookseller is criminally liable without knowledge of the contents, and the ordinance fulfills its purpose, he will tend to restrict the books he sells to those he has inspected; and thus the state will have imposed a restriction upon the distribution of constitutionally protected as well as obscene literature. * * *

"It is plain to us that the ordinance in question, though aimed at obscene matter, has such a tendency to inhibit constitutionally protected expression that it cannot stand under the Constitution."

Similarly, in *People* v. *Villano* (1963), 369 Mich 428, the Michigan Supreme Court declared the Michigan antiobscenity statute unconstitutional due to its failure to require *scienter* as an element of the offense.[1] The Michigan court relied primarily upon the *Smith* decision, stating that the statute conflicted with provisions of the Federal Constitution.

In comparing the ordinance in the instant case with the ordinance in *Smith* and with the statute in *Villano,* we find them to be similar in scope and effect. While arguably *Smith* is distinguishable from the instant case because in the instant case the trial court inferred from the statute existence of a requirement of *scienter,* the *Villano* decision rejects such a distinction. There the Court stated regarding an implicit requirement of *scienter* (p. 436):

"Our attention is not directed to any specific provision of the statute that may be so construed. Had the legislature intended to require knowledge on the part of the accused with reference to the character of the publications in his possession and intended for sale, we think that such requirement would have been manifested in some form. * * * If *scienter* was in fact an element of the offense under the statute as enacted in 1957, appropriate recognition of that fact should have been made in charging the offense."

In the instant case the Detroit ordinance contained no express requirement of *scienter* and the complaint failed to recognize *scienter* as an element

[1] The Michigan statute was PA 1957, No 265, CL 1948, § 750.343 (a) (Stat Ann 1959 Cum Supp § 28.575[1]).

in charging the offense.[2]  Furthermore, the substantial similarity in wording of the Detroit ordinance to the Michigan statute prevents inference of *scienter* under the Detroit ordinance after the Michigan Supreme Court rejection of such an inference under the Michigan statute.  Therefore, we find the Detroit ordinance unconstitutional, in violation of the provisions of the Federal Constitution on which the decisions in *Smith, supra,* and *Villano, supra,* are based.

While it may be contended that *Smith* and *Villano* are inapplicable because under the facts of the instant case no violation of the Federal Constitution occurred, constitutional principles concerning free speech reject such an analysis.  In matters of free speech, it is the ordinance itself, "and not the accusation or the evidence under it which prescribes the limits of permissible conduct and warns against transgression".  *Thornhill* v. *Alabama* (1940), 310 US 88, 98 (60 S Ct 736, 742, 84 L Ed 1093, 1100).  See, also, *Smith* v. *California, supra; Winters* v. *New York* (1948), 333 US 507, 509 (68 S Ct 665, 667, 92 L Ed 840, 846).  Thus an ordinance having a potentially inhibitory effect on free speech must be judged on its face to ascertain whether it is capable of "many unconstitutional applications threatening those who validly exercise their rights of free expression with the expense and inconvenience of criminal prosecution".  *Smith, supra.*  As the ordinance in the instant case on its face is capable of the same unconstitutional applications demonstrated in *Smith, supra,* and *Villano, supra,* it unconstitutionally inhibits free speech and is invalid.

2 The trial court did instruct the jury that *scienter* was required but this alone would not cure an unconstitutional ordinance and improper charge.

Due to the unconstitutionality of the ordinance under which defendant was convicted, consideration of the remaining issues presented by defendant on appeal is unnecessary.

Reversed.

All concurred.